[Civ. No. 2971. First Appellate District, Division One.—December 12, 1919.]

WILLIAM ALBERT HAMMOND et al., Copartners, etc., Appellants, v. SAN MATEO PLANING MILL COMPANY (a Corporation), Respondent.

[1] EVIDENCE—WRITTEN CONTRACT FOR SALE OF LUMBER—SEPARATE ORAL AGREEMENT FOR SELECTION OF INSPECTORS—PROOF OF IN ACTION ON CONTRACT.—Where a written contract for the purchase of lumber provides that the tally and inspection are to be made by the "Pacific Coast Lumber Surveyors," which has no separate entity as a corporation or partnership but is merely a voluntary association of inspectors calling themselves such name, and such contract is silent as to which of the parties should select the persons from said association who are actually to make such tally and inspection, parol evidence is admissible, in an action on said contract, to show that there was an oral understanding and agreement, contemporaneous with the making of the written agreement, that the inspectors were to be selected by a given representative of the purchaser of the lumber.

[2] ESTOPPEL—OBSERVANCE OF VIOLATIONS—SUFFICIENCY OF PROTEST.—Where such representative of the purchaser, upon learning that the tally and inspection was about to be made by tallymen and inspectors of the vendor's choosing, vigorously objected to the same, and insisted upon the existence of the oral understanding that he was to choose such inspectors, the fact that he thereafter went to the vessel upon which the lumber had been loaded and saw some sort of inspection or tally going on, and did not repeat his protest thereto in the presence of such inspectors, would not estop the purchaser from urging that such inspection was undertaken in violation of the oral understanding of the parties.

[3] CONTRACTS—REFORMATION OF—PLEADING—FINDINGS—JUDGMENT.—Where, in an action by the vendor on such written contract, the

---

3. Causes and proceedings for reformation of instruments generally, note, 65 Am. St. Rep. 481; on ground of mistake, notes, 30 Am. St. Rep. 621; 117 Am. St. Rep. 227; 3 Ann. Cas. 444.

Sufficiency of evidence to warrant reformation of instrument on ground of mutual mistake, note, 19 Ann. Cas. 343.

purchaser pleaded the existence of the oral understanding and agreement and that it was omitted from the contract by mutual mistake, and the trial court included in its judgment an express finding as to the existence of such understanding between the parties and of the fact that the same was omitted from the writing entered into between them by the mutual mistake of the parties, and by the express terms of its judgment directed that the written agreement be reformed accordingly, that constituted a sufficient finding upon the issue as to whether the contract should be reformed.

[4] APPEAL—PETITION FOR REHEARING—POINTS RAISED FOR FIRST TIME.—Points urged for the first time on petition for rehearing are not entitled to consideration. (On denial of rehearing.)

[5] ID.—SUBMISSION ON BRIEFS—NEW POINTS.—Where a cause at the request of respondent is submitted without oral argument but at the time of such submission the respondent is granted further time to file a supplemental brief and the appellant is given the right to reply thereto, such briefs take the place of an oral argument and points not therein raised cannot subsequently be raised on a petition for rehearing of the case. (On denial of rehearing.)

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Mastick & Partridge, H. F. Chadbourne and Ross & Ross for Appellants.

Kirkbride & Gordon and Wm. T. Eckhoff for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of defendant rendered and entered upon the verdict of a jury. The action was instituted by the plaintiffs to recover from the defendant the sum of $4,296.38 as the purchase price of a cargo of lumber claimed to have been sold and delivered by the plaintiffs to the defendant on or about the twenty-fifth day of May, 1914. The contract under which said lumber was sold was in the form of a written memorandum of such sale, specifying the amount, quality, price, and place of delivery of said lumber, which was to be shipped from San Francisco and delivered on the levee at San Mateo. The contract contained this clause: "San Francisco tally & inspection by Pacific Coast Lumber Surveyors to govern & be final." The complaint was in the form of the common counts for goods, wares, and merchandise

sold and delivered. The answer of the defendant, after denying the allegations of the complaint, set up the contract in writing between the parties and included the same in its answer in the form of an exhibit. The answer then proceeded to state that an alleged tally and inspection of the lumber attempted to be delivered to the defendant under the terms of said contract was made and had at San Francisco, but that the same was conducted by persons unknown to the defendant, and was, in fact, no tally or inspection at all because so unskillfully, carelessly, negligently, and speedily conducted as to render it impossible for the same to be a true or sufficient tally and inspection of said lumber, and that as a matter of fact the lumber so purporting to be inspected did not comply either in the amount of feet or amount of pieces or in its quality with the requirements of said contract, and that the attempted delivery of such lumber did not constitute a performance on the part of the plaintiffs of their said contract, but, on the contrary, constituted a breach thereof, from the effect of which the defendant suffered damage in the sum of three thousand dollars, for which it prayed judgment in its favor. The defendant subsequently filed an amendment to its said answer wherein it was alleged as a separate defense, and also by way of cross-complaint, that the written contract between the parties did not set forth the true agreement between them in the particular respect that at the time said contract was prepared it was understood and agreed that the persons to be selected as the tallymen and inspectors of said lumber by virtue of the concluding clause in said writing were to be appointed by one Walter Anderson, the authorized representative of the defendant. At the trial of the cause a second amendment to the defendant's answer and cross-complaint was presented and permitted by the court to be filed, wherein it was averred that the understanding and agreement between the parties by which the tallymen and inspectors of said lumber were to be appointed by said Walter Anderson was omitted from said written contract by the mutual mistake of the parties.

Upon the trial and submission of the cause the jury rendered its verdict in the defendant's favor, awarding it damages in the sum of $350, and upon the coming in of such verdict the court adopted the same, and thereupon

proceeded to make findings to the effect that the written instrument embracing the contract between the parties did not contain the true agreement between them in the respect that it was agreed between the said parties that the defendant should have the privilege of appointing tallymen from the Pacific Coast Lumber Surveyors to tally and inspect said lumber, and that this provision of their said agreement was omitted by the mutual mistake.of the parties from said writing. Having made these findings the court entered its judgment reforming said written contract in the above respect and awarding the defendant judgment for the amount of damages fixed by the verdict of the jury. The plaintiffs appeal from such judgment.

[1] The first contention which the appellants make upon such appeal is that the trial court erred in the admission of oral evidence offered on behalf of the defendant for the purpose of showing that there was an oral understanding and agreement between the parties, contemporaneous with the making of the written agreement between them, to the effect that the tallymen and the inspectors from the Pacific Coast Lumber Surveyors, who were, by the terms of said writing, to inspect said lumber, and whose tally and inspection thereof was to be final, were to be selected by Walter Anderson, the authorized representative of the defendant in the matter of the purchase of said lumber. The appellant's claim in support of their contention is that such oral evidence was inadmissible for the reason that it varied the terms of the written agreement between the parties. We are unable to sustain this claim. The clause in the said written agreement providing that the tally and inspection of the lumber to be furnished by the plaintiffs to the defendant under the terms of said writing was to be made by the Pacific Coast Lumber Surveyors is silent as to which of the parties to said writing should select the persons from said Pacific Coast Lumber Surveyors who were actually to make such tally and inspection. The evidence in the case showed that the Pacific Coast Lumber Surveyors, referred to in said writing, had no separate entity as a corporation or partnership, but were merely a voluntary association of inspectors calling themselves by such name. This being so, it is evident that the individuals to be selected from among their number to make the tally and inspection required by the

44 Cal. App.—48

terms of this written agreement must have been chosen by one or other of the parties to this contract; and the contract being entirely silent as to who should make such choice and selection oral evidence offered for the purpose of showing that such choice and selection was to be made by one or other of the parties to said agreement would in nowise vary or contradict its terms; and this being so, the admission of such evidence on the part of the trial court could not constitute a violation of the well-known rule of law forbidding the introduction of oral evidence the effect of which would be to vary or contradict the terms of a written instrument. The testimony which was thus offered and admitted fully sustained the defendant's claim as to the existence of such oral understanding at the time of the execution of the written contract between the parties, and also was quite sufficient to support the findings of the trial court, later made in that respect, to the effect that such oral understanding as to the party by whom the tallymen and inspectors of said lumber were to be chosen was omitted from said writing by mutual mistake.

[2] The claim of the appellants that the defendant was estopped to set up and prove the existence of such agreement by reason of the fact attempted to be shown upon the trial that said Anderson was present at the time such tally and inspection was being made by the inspectors selected by the plaintiff, and that he made no objection thereto, is not supported by the record before us, since the evidence therein discloses that said Anderson, as soon as he was advised that such tally and inspection was about to be made by tallymen and inspectors of the plaintiffs' choosing, vigorously objected to the same, and insisted upon the existence of the oral understanding that he was to choose such inspectors; and while it is true that said Anderson not long thereafter went to the vessel upon which said lumber had been loaded and saw some sort of inspection or tally going on, the mere fact that he did not repeat his protest thereto in the presence of such inspectors would not, in our opinion, estop the defendant from urging at the trial not only that such inspection was undertaken in violation of the oral understanding between the parties, but that the same was so carelessly and inefficiently made as to constitute no real or *bona fide* inspection of what the evidence in the case dis-

closes to be a lot of lumber so far below the standard of quality prescribed in the contract for its purchase as to justify the defendant in refusing to receive or pay for the same.

[3] The only other contention of the appellants requiring consideration is the claim that the court failed to make a sufficient finding upon the issue as to whether or not the contract should be reformed by the inclusion therein of the oral understanding between the parties as to the tally and inspection of said lumber. The record in that regard shows that the trial court did include in its judgment an express finding as to the existence of such understanding between the parties, and of the fact that the same was omitted from the writing entered into between them by the mutual mistake of the parties, and that the trial court further and by the express terms of its judgment directed that the written agreement between the parties be reformed by the insertion of the words "to be appointed by Walter Anderson" after the words "Pacific Coast Lumber Surveyors" in the concluding clause of such instrument. This would seem to fully answer the said objection.

As to the criticism which the appellants make of the several instructions of the trial court, we are satisfied upon an examination of the entire body of the court's instructions that they are neither erroneous nor contradictory, and that the jury was fairly and properly instructed as to the law of the case.

No other error appearing in the record, the judgment is affirmed.

Kerrigan, J., and Waste, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 10, 1920, and the following opinion then rendered thereon:

THE COURT.—The petition for rehearing is denied. [4] Aside from our conclusion that the points made upon the petition are without merit, we think that they are not entitled to consideration because urged for the first time upon the petition for rehearing. [5] The petitioner urges that this reason should not prevail, in view of the fact that the cause at the request of respondent was submitted with-

out oral argument. The record, however, shows that at the time of such submission the respondent was granted further time to file a supplemental brief and the appellant was given the right to reply thereto. These supplemental briefs took the place of an oral argument in the case and the points now urged by appellant should then have been advanced, and this not having been done, either in its original or reply briefs, it is now too late to urge these points for the first time upon a petition for rehearing of the case.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 9, 1920.

All the Justices concurred.